# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2022

Lyle W. Cayce
Clerk

No. 16-11402

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HOWARD LEON COMBS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:16-CR-54-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

This sentencing appeal returns to us on remand from the Supreme Court after it issued its opinion in *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021), wherein the Court held that offenses requiring only proof of

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 16-11402

reckless causation of injury do not qualify as "violent felonies" under the elements clause of the Armed Career Criminal Act ("ACCA"). Defendant Howard Leon Combs argues, and the Government agrees, that in light of *Borden*, Combs's prior conviction for aggravated assault with a deadly weapon under Texas Penal Code §§ 22.01(a)(1), 22.02(a)(2) does not qualify as a violent felony under the ACCA because Texas aggravated assault requires only a *mens rea* of recklessness.

In our recent decision in *United States v. Gomez Gomez*, --- F.4th ---, No. 17-20526, 2022 WL 152160, *2 (5th Cir. Jan. 18, 2022), we noted that Texas aggravated assault under Texas Penal Code §§ 22.01(a)(1), 22.02(a)(2) "includes three indivisible mental states, one of which is recklessness." (citations omitted). We held that consequently the offense could not qualify as a "crime of violence" under the elements clause of 18 U.S.C. 16(a), which is almost identical to the elements clause of the ACCA interpreted in *Borden*.[1]

Because, as we determined in *Gomez Gomez*, Texas aggravated assault requires only a *mens rea* of recklessness, Combs's prior conviction does not qualify as a violent felony under the ACCA's elements clause. Therefore, his sentence should not have been enhanced under the ACCA.

Accordingly, we VACATE Combs's sentence and REMAND to the district court for resentencing.

---

[1] We also determined that *Borden* is not limited to its facts under the rule set forth in *Marks v. United States*, 430 U.S. 188, 193 (1977), because "Justice Thomas and Justice Kagan (writing for herself and three fellow justices) both conclude[ed] that an offense requiring the 'use of physical force against the person of another' entails a mental state beyond mere recklessness." *Gomez Gomez*, 2022 WL 152160 at *1 n.1 (citations omitted).